**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 2, 2026

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *United States v. Steven Paulino*, S1 19 Cr. 54 (PGG)**

Dear Judge Gardephe:

The Government respectfully requests that the Court enter the attached Final Order of Forfeiture in this matter. As set forth in the accompanying Declaration, all right, title, and interest of the Defendant, Steven Paulino, in the Substitute Assets was ordered forfeited pursuant to a Preliminary Order of Forfeiture as to Substitute Assets (Dkt. 94), and no third-party claims have been filed within the statutory period.

Accordingly, the attached Final Order of Forfeiture should be entered so that the United States Marshals Service can dispose of the Substitute Assets according to law.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

by: ______________________
Angela Zhu
Assistant United States Attorney
(212) 637-1027

CC: Counsel of Record (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-v.-

STEVEN PAULINO,
a/k/a "Sdot Dinero,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DECLARATION IN SUPPORT OF FINAL ORDER OF FORFEITURE

S1 19 Cr. 54 (PGG)

Angela Zhu, pursuant to Title 28, United States Code, Section 1746, declares under penalty of perjury as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York, and attorney for the Government herein. I am responsible for the above-captioned matter, and as such, I am familiar with the facts and circumstances of this proceeding. This declaration is submitted in support of the Government's submission for the entry of a Final Order of Forfeiture in the above-captioned case.

2. On or about June 11, 2026, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Asset Order") (Dkt. 94) with respect to STEVEN PAULINO (the "Defendant"), forfeiting to the United States all right, title, and interest of the Defendant in the following substitute assets:

a. $700.00 in United States currency seized by the Government from the Defendant on or about July 19, 2019, in the Bronx, New York; and

b. $4,968.00 in United States currency seized by the Government from the Defendant on or about July 19, 2019, in the Bronx, New York

(a. and b., together, the "Substitute Assets").

3. The Substitute Asset Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Asset Order, notice of the United States' intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Assets and as a substitute for published notice as to those persons so notified.

4. The Notice of Forfeiture and the intent of the Government to dispose of the Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on July 14, 2026, for thirty (30) consecutive days, through August 12, 2026, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court. Proof of such publication is attached hereto as Exhibit 1, constituting a filing with the Clerk of the Court. Exhibit 1 consists of two documents obtained from a Consolidated Asset Tracking System maintained by the Department of Justice: (A) a true and correct copy of a notice of criminal forfeiture in this action, and (B) a true and correct copy of an Advertisement Certification Report, indicating that the aforementioned notice was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on July 14, 2026, through August 12, 2026, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5. Since final publication of the Notice of Forfeiture, thirty (30) days have expired, and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed.

6. The Defendant is the only person and/or entity known by the Government to have a potential interest in the Substitute Assets.

7. Accordingly, the Government requests that the Court enter the proposed Final Order of Forfeiture.

8. No previous application for the relief requested herein has been sought.

Dated: New York, New York
November 2, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________________
Angela Zhu
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, New York 10278
(212) 637-1027

# EXHIBIT 1

Attachment 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**COURT CASE NUMBER: S1 19 CR. 54 (PGG); NOTICE OF FORFEITURE**

Notice is hereby given that on June 11, 2026, in the case of U.S. v. Steven Paulino, a/k/a "Sdot Dinero", Court Case Number S1 19 CR. 54 (PGG), the United States District Court for the Southern District of New York entered an Order condemning and forfeiting the following property to the United States of America:

$700.00 in United States currency seized by the Government from the Defendant on or about July 19, 2019, in the Bronx, New York (19-ATF-041518)

$4,968.00 in United States currency seized by the Government from the Defendant on or about July 19, 2019, in the Bronx, New York (19-ATF-041519)

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (July 14, 2026) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). The ancillary petition must be filed with the Clerk of the Court, United States District Court, 500 Pearl Street, Room 120, New York, NY 10007, and a copy served upon Assistant United States Attorney Angela Zhu, Jacob K. Javits Federal Building, 26 Federal Plaza, New York, NY 10278. The ancillary petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court’s disposition of all ancillary petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such ancillary petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture. A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. Section 1746. For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 - 9.9. The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a). The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b). The petition for remission need not be made in any particular form and may be filed online or in writing. You should file a petition

for remission not later than 11:59 PM EST 30 days after the date of final publication of this notice. *See* 28 C.F.R. Section 9.3(a). The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online. If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to Assistant United States Attorney Angela Zhu, Jacob K. Javits Federal Building, 26 Federal Plaza, New York, NY 10278. This website provides answers to frequently asked questions (FAQs) about filing a petition for remission. You may file both an ancillary petition with the court and a petition for remission or mitigation.

Case 1:19-cr-00054-PGG Document 101 Filed 11/04/26 Page 7 of 11

# Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between July 14, 2026 and August 12, 2026. Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. Steven Paulino, a/k/a "Sdot Dinero"

**Court Case No:** S1 19 CR. 54 (PGG)
**For Asset ID(s):** See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 07/14/2026 | 24.0 | Verified |
| 2 | 07/15/2026 | 23.9 | Verified |
| 3 | 07/16/2026 | 23.9 | Verified |
| 4 | 07/17/2026 | 23.8 | Verified |
| 5 | 07/18/2026 | 24.0 | Verified |
| 6 | 07/19/2026 | 24.0 | Verified |
| 7 | 07/20/2026 | 23.9 | Verified |
| 8 | 07/21/2026 | 23.9 | Verified |
| 9 | 07/22/2026 | 23.9 | Verified |
| 10 | 07/23/2026 | 23.9 | Verified |
| 11 | 07/24/2026 | 24.0 | Verified |
| 12 | 07/25/2026 | 24.0 | Verified |
| 13 | 07/26/2026 | 23.9 | Verified |
| 14 | 07/27/2026 | 24.0 | Verified |
| 15 | 07/28/2026 | 24.0 | Verified |
| 16 | 07/29/2026 | 23.9 | Verified |
| 17 | 07/30/2026 | 23.9 | Verified |
| 18 | 07/31/2026 | 24.0 | Verified |
| 19 | 08/01/2026 | 23.9 | Verified |
| 20 | 08/02/2026 | 23.9 | Verified |
| 21 | 08/03/2026 | 24.0 | Verified |
| 22 | 08/04/2026 | 23.9 | Verified |
| 23 | 08/05/2026 | 23.9 | Verified |
| 24 | 08/06/2026 | 23.9 | Verified |
| 25 | 08/07/2026 | 23.9 | Verified |
| 26 | 08/08/2026 | 24.0 | Verified |
| 27 | 08/09/2026 | 23.9 | Verified |
| 28 | 08/10/2026 | 23.9 | Verified |
| 29 | 08/11/2026 | 23.9 | Verified |
| 30 | 08/12/2026 | 23.9 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : **<u>FINAL ORDER OF FORFEITURE</u>**

-v.- : S1 19 Cr. 54 (PGG)

STEVEN PAULINO,
a/k/a "Sdot Dinero,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about June 11, 2026, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (Dkt. 94), which ordered the forfeiture to the United States of all right, title, and interest of STEVEN PAULINO (the "Defendant") in the following property:

a. $700.00 in United States currency seized by the Government from the Defendant on or about July 19, 2019, in the Bronx, New York; and

b. $4,968.00 in United States currency seized by the Government from the Defendant on or about July 19, 2019, in the Bronx, New York

(a. and b., together, the "Substitute Assets");

WHEREAS, the Substitute Assets Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the United States' intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Assets and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Assets before the United States can have clear title to the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on July 14, 2026, for thirty (30) consecutive days, through August 12, 2026, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture, and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest in the Substitute Assets; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title, and interest in the Substitute Assets, including interest accrued thereto, is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Assets.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
November _3_, 2026

SO ORDERED:

Paul G. Gardephe

THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE